XU JING ZHU, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–2570–ag.

United States Court of Appeals, Second Circuit.

Feb. 13, 2008.

Gang Zhou, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Stephen M. Elliott, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Xu Jing Zhu, a native and citizen of the People's Republic of China, seeks review of the May 23, 2007 order of the BIA, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Tor-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for U.S. Attorney General as a respondent in this case.

ture ("CAT"). *In re Xu Jing Zhu,* No. A77 308 851 (B.I.A. May 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA issued a separate opinion dismissing Zhu's appeal after we ordered his proceedings remanded to the BIA upon the parties' joint stipulation to do so. Therefore, the BIA's "opinion becomes the basis for judicial review of the decision of which the alien is complaining." [2] *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *see also Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ Our review of the record leads us to conclude that substantial evidence does not support the BIA's denial of Zhu's asylum and withholding of removal claims. In *Shi Liang Lin,* 494 F.3d at 309, we rejected the BIA's holding in *Matter of C–Y–Z–,*

21 I. & N. Dec. 915 (BIA 1997) that 8 U.S.C. § 1101(a)(42)(B) created *per se* asylum eligibility for the spouse of a person forced to undergo a forced abortion or forced sterilization. *Shi Liang Lin,* 494 F.3d at 309. Accordingly, Zhu's asylum and withholding of removal claim, to the extent it is based on his girlfriend's forced abortion, "is doomed." *See Shu Wen Sun v. BIA,* 510 F.3d 377, 381–82 (2d Cir.2007); *Gui Yin Liu v. INS,* 508 F.3d 716, 722–23 (2d Cir.2007)

We find that the BIA erred because it failed to consider the impact of his past experiences in the aggregate when analyzing whether Zhu suffered persecution in China when he "resisted" China's coercive population control program. *See Shi Liang Lin,* 494 F.3d at 313; *Matter of S–L–L–,* 24 I. & N. Dec. 1, 10 (BIA 2006) (en banc). The BIA found that Zhu's "testimony indicates that he 'resisted' the coercive population control policy through his expression of opposition to the policy." The BIA concluded that Zhu's "testimony regarding his head injury and the subsequent destruction of his home does not describe mistreatment that rises to the level of persecution envisioned by the Act."

We find that the BIA erred by considering "each of the incidents separately without determining how they affected the significance of other incidents." *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 290 (2d Cir.2007). In particular, the BIA analyzed Zhu's head injury and concluded that his testimony "does not indicate that it was serious or caused any lasting physical or mental difficulties." The BIA then found that the destruction of Zhu's home does not amount to persecution because he "provided no detail as to the nature or

2. Although the IJ made an adverse credibility determination in its May 2002 decision, the

BIA did not make any such finding.

extent of the destruction." The BIA, however, never took the cumulative effect of Zhu's experience into account in determining whether he suffered past persecution. *See Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir.2005). As a result of the BIA's practice of dividing Zhu's harm "into isolated incidents and disposing of each on different grounds, without explaining the cumulative significance—if any—of each of these harms," we have been deprived of the opportunity to review meaningfully any aggregate analysis the BIA may have conducted. *Manzur*, 494 F.3d at 290. Accordingly, we will vacate the BIA's finding as to past persecution and remand for new findings. *See Cao He Lin*, 428 F.3d at 406; *Tian–Yong Chen*, 359 F.3d at 129.

Furthermore, the BIA also erred in its individual analysis of the alleged destruction of Zhu's home. Specifically, the BIA found that Zhu "has provided no detail as to the nature or extent of the destruction." Zhu testified that his house was "totally destroyed" and that his house was "complete[ly] destroyed." It is unclear why the BIA did not find this testimony detailed enough to paint a picture "as to the nature or extent of destruction." Consequently, we find that a "reasonable adjudicator would be compelled to conclude" that the BIA's finding is in error. 8 U.S.C. § 1252(b)(4)(B).

■ To the extent Zhu claims that he has a well-founded fear of future persecution in China based on his resistance to a coercive population control program, substantial evidence supports the agency's determination that he failed to establish a reasonable and objective fear of persecution. *See 8 U.S.C. § 1252(b)(4)(B)*. Indeed, Zhu's alleged mistreatment occurred over eight years ago. Despite Zhu's assertion that he would be imprisoned and tortured if he returned to China, he has not provided any evidence that Chinese authorities continue to investigate his whereabouts. Moreover, the BIA correctly noted that affidavits from Zhu's aunt and girlfriend did not indicate that Chinese family planning officials were looking for him in 2002. Finally, Zhu did not provide updated affidavits after this Court remanded his proceedings. Hence, Zhu failed to present "reliable, specific, objective evidence" to support his allegation that he possesses an objectively reasonable fear of individualized persecution if he returns to China. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

Although the BIA's finding that Zhu does not have an objective fear of persecution is supported by substantial evidence, Zhu may be entitled to a presumption of a well-founded fear of future persecution if the BIA determines on remand, based on the correct legal standard and all relevant evidence, that he suffered past persecution. *See 8 C.F.R. § 1208.13(b)(1)*. Assuming the agency finds on remand that Zhu demonstrated past persecution, the government may be able to rebut the presumption of a well-founded fear of future persecution if it establishes a fundamental change in circumstances in China. 8 C.F.R. § 1208.13(b)(1).

Finally, because Zhu failed to challenge the denial of his CAT claim in his brief to this Court, we deem that claim waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). For the foregoing reasons, we find that the BIA erred in considering Zhu's claim of past persecution. Accordingly, remand would not be futile in this case because it cannot be confidently predicted that the BIA would reach the same decision after a proper finding as to past persecution. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED in part, and DE-

NIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).